## LAWLEY v. WADE et ux.

No. 2143.   Decided September 30, 1911 (118 Pac. 484).

1. CONTRACTS—BREACH—ISSUES AND PROOF. Plaintiff alleged that defendants agreed that if plaintiff would render certain services in aiding defendants to acquire "certain coal property" in C. county and in the organization of a company to handle the same, and would extend defendants' credit, and do all things necessary for the organization of the company, defendants would give plaintiff 1000 shares of the capital stock of the company to˙ be organized; that plaintiff fully performed all terms of the agreement; that defendants organized a company to take over the lands, and later reorganized another company to succeed the original; and that the plaintiff had demanded the shares and been refused. *Held*, that, though the lands referred to in the complaint were not definitely identified, the complaint referred to particular lands that the parties had in mind, and in the absence of proof that the defendants and others identified with them acquired those particular lands, or that plaintiff rendered the services promised in acquiring the same, and did assist in organizing the alleged companies to handle such lands, and extended necessary credit therefor, etc., the court properly granted a nonsuit.   (Page 540.)

2. APPEAL AND ERROR—PLEADINGS—AMENDMENT—PREJUDICE. Where plaintiff was not entitled to recover under the proofs, he was not prejudiced by the erroneous denial of a motion for leave to amend the complaint to conform to the proofs.   (Page 543.)

APPEAL from District Court, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by W. H. Lawley against Henry Wade and wife.

Judgment for defendants.   Plaintiff appeals.

AFFIRMED.

*King & King* for appellants.

*G. A. Iverson* and *A. R. Barnes* for respondents.

FRICK, C. J.

The plaintiff, hereinafter designated appellant, as a cause of action against the defendants, hereinafter styled respondents, in his complaint alleged: "That on or about the 15th day of October, A. D. 1905, the defendants entered into a certain agreement by and with the plaintiff, by the terms of which defendants agreed that if plaintiff would render certain services, in aiding the defendants and others to acquire certain property in the vicinity of Kenilworth, Carbon County, Utah, and would also aid the defendants and others in the organization of a company to handle said property, the same being coal land, and would, if necessary, extend the credit of the plaintiff in behalf of the said defendant Henry Wade, and would to the extent of his ability aid and assist him in recommending said property, and in doing all things necessary for the complete organization of said company, that he would give said plaintiff 1000 shares of the capital stock of any company to be organized for the purpose of taking over the property referred to; that the plaintiff fully performed all of the terms and conditions of said agreement to be by him performed, and rendered the services, the aid and assistance required by him; that thereafter the said defendants and one A. A. Sweet and others organized the Western Coal & Coke Company, a corporation, for the purpose of taking over said land, and thereafter a reorganization of said company took place, and the name of said company and of the reorganized company was changed to the Independent Coal & Coke Company; that the plaintiff demanded from the defendants the 1000 shares of stock in the Independent Coal & Coke Company, but the defendants failed, neglected, and refused, and now do wholly fail, neglect, and refuse to transfer or deliver to plaintiff the said 1000 shares of stock; that the plaintiff is informed and believes, and therefore states the fact to be, that said stock is now of the value of $1.50 per share." Upon this complaint he demanded judgment for $1500. Respondents' answer thereto was a general denial.

Upon these issues the parties proceeded to trial. After appellant had produced his evidence and rested his case, re-

spondents' counsel moved for a nonsuit upon substantially the following grounds: (1) That appellant had failed to establish any agreement or contract as alleged in his complaint; (2) that he had failed to prove that he had extended any credit to the respondents, or either of them; (3) that he had failed to prove that he had performed or rendered any services whatever as contemplated by the alleged contract; (4) that he had failed to prove that any of the property referred to in his complaint was acquired by the company which he testified was organized, and that he had failed to prove that any of the stock referred to in his complaint was ever issued, or that it was of any value whatever; (5) that he had failed to prove the alleged reorganization of the company as alleged in his complaint, or that the Independent Coal & Coke Company mentioned in his complaint had any relation to or was connected with the company that he alleged was organized; and (6) that while the appellant had alleged one contract in his complaint he had in fact attempted to prove another, and hence there was a fatal variance between the allegations of the complaint and the evidence offered in support thereof. Pending this motion counsel for appellant asked for time to amend his complaint, and, being given time, he prepared an amended complaint, which he offered to file.

Said amended complaint departed from the original complaint in the following particulars, namely, by alleging: That an alleged contract was entered into on the 15th day of April, 1905, whereby the respondents promised the things alleged in the original complaint; that appellant had fully performed all of the conditions; "that thereafter the said defendant Henry Wade, aided by one A. A. Sweet and others, organized the Western Coal & Coke Company, a corporation, for the purpose of taking a part of said property, and thereafter the Independent Coal & Coke Company was organized and acquired a portion of said property and a stock interest in the Western Coal & Coke Company; that the defendants elected to give and promised to plaintiff, in accordance with said contract, 1000 shares of the Independent Coal & Coke Company's

stock, and the plaintiff heretofore demanded of and from the defendants the said 1000 shares of stock in the Independent Coal & Coke Company, but said defendants failed, neglected, and refused, and now do wholly fail, neglect, and refuse, to transfer or deliver to the plaintiff said 1000 shares of stock; that the plaintiff is informed and believes, and therefore states the fact to be, that said stock is now of the value of $1.50 per share." The amended complaint was offered, as counsel said, because it made the allegations conform to the proof already before the court, and no new evidence was offered in connection therewith. Respondents' counsel resisted appellant's application to file the amended complaint, but notwithstanding the allegations therein contained they still insisted on their motion for nonsuit for the reasons stated in the motion therefor. The court refused appellant's request to file the amended complaint, and sustained the motion for a nonsuit, and entered judgment dismissing the action. Appellant appeals from the judgment.

Appellant's counsel insist that the amendments offered by them were offered for the sole purpose of making the allegations conform to the proof, that it is always proper to so amend a pleading, and that in this case it constituted prejudicial error not to permit the amended complaint to be filed. Counsel further assert that the allegations of the original complaint were sufficient, that the evidence adduced by appellant supported the allegations of that complaint, and that therefore the court in any event erred in granting the nonsuit. For the purposes of this decision we shall assume that the discrepancy of time when the alleged contract was entered into as appears from the original and the proposed amended complaint was immaterial, and that the allegations of the original complaint, if established by sufficient competent evidence, are sufficient to support a judgment in favor of appellant. The question, however, still remains whether appellant's evidence tended to establish all of the material allegations of his complaint. Under these allegations, before appellant was entitled to recover, he was required to establish that he rendered the services he promised

to render in acquiring certain coal lands in the vicinity of Kenilworth, Carbon County, Utah, to respondents and others; that he did assist the respondent Henry Wade in organizing the alleged "companies" to handle said lands; that he did, when necessary, extend credit to said Wade; and that he did recommend said coal lands to the company that was organized. When he had complied with all of these conditions, or was relieved therefrom by respondents, he was entitled to receive the alleged 1000 shares of stock. We have carefully gone through all of the evidence contained in the bill of exceptions, and we can find none that supports or tends to support the allegations that the respondents and others acquired the "certain property in the vicinity of Kenilworth, Carbon County, Utah," referred to in the complaint as coal lands. Since the lands which respondents and "others" were to be assisted in acquiring were specified as "certain" lands only in the complaint, it does not follow that appellant and respondents did not have particular lands in mind when the alleged contract was made. That they had in mind particular coal lands clearly appears from appellant's own evidence; but nowhere are those lands identified, nor is it made to appear, directly or indirectly, that appellant assisted respondents or the others to acquire the certain lands referred to in the alleged contract, or that the respondents or the others mentioned, or the company which appellant testified was organized, acquired the coal lands referred to in the alleged contract. True there is some evidence that a portion of certain coal lands lying in four different sections was acquired by the company that appellant says was organized; but whether the lands in those four sections were all of the lands the parties to the alleged contract had in mind, or whether the same was a large or small part thereof, the evidence does not disclose. Indeed, what little evidence there is upon this point is so vague, indefinite, and uncertain that a finding that the appellant had complied with the terms of his alleged contract in this regard would have to be based entirely upon conjecture.

It may not be improper to call attention to the fact that in the amended complaint, which appellant claims reflected the evidence, it is alleged that only a part of the lands mentioned in the alleged contract was acquired by the company that appellant says was organized. But neither in the amended complaint nor in the evidence is any reason assigned why only a part of the lands referred to in the alleged contract was in fact taken over by said company. The burden of proof was upon the appellant to show that he had substantially at least complied with the terms of the alleged contract. In case he failed in this, in view of the denials contained in the respondents' answer, he could not recover. We are clearly of the opinion that in this regard the appellant failed to show that he had complied with the terms and conditions of the alleged contract. Nor is there any proof whatever that any stock was ever issued by the Western Coal & Coke Company, which is the company that appellant testified was organized, nor that the Independent Coal & Coke Company, of whose stock appellant claims the 1000 shares, was the successor of, or had any relation to, or was in any manner connected with, the first company which appellant asserts he assisted to organize. Nor is there any evidence in the bill of exceptions that any stock was ever issued to the respondents, or to either of them, or that they were entitled to any, or that they had received any, in either of the companies mentioned. It may be that the very lands upon which respondents based their right to receive stock in the company which was to be organized as claimed by appellant, and upon which they made the alleged promise to give him 1000 shares of stock, were through his fault not made a part of the lands taken by the company that he asserts he helped to organize. If this be true, and for aught that appears from the evidence it may be true, the appellant must fail in his claim. If respondents had a right to appellant's assistance in acquiring any of the lands referred to in the alleged contract, then they had a right to demand his aid to acquire all of them; and unless they waived this right, or unless they were satisfied with

only a partial performance of the terms of the alleged contract, appellant cannot recover against them. As we have already pointed out, appellant does not claim that all of the lands referred to in the alleged contract, were actually acquired by any one. Nor does he explain why he did not render assistance in acquiring all of them, nor that he was released from doing so.

In view of the foregoing, the refusal of the district court to permit the amended complaint to be filed, although it were held erroneous, yet such error could not have prejudiced any substantial right of appellant. Nor did the court err in sustaining the motion for nonsuit and dismissing the action. If appellant has in fact complied with the terms of the alleged contract, the facts are all within his own knowledge, and there is nothing disclosed why he cannot produce the necessary evidence in support of his claims. The judgment in this case is no bar to another action. Appellant should produce his evidence in support of his allegations if he has any, before respondents are required to go forward.

The judgment is affirmed, with costs to respondents.

McCARTY, J., coucurs.

STRAUP, J. (concurring).

I am of the same opinion. I also think that in other particulars the allegations of the complaint, and the evidence in respect thereto, relating to the terms of the contract, a performance by the plaintiff, and a breach of the defendant, are so uncertain and incomplete that the essentials of a contract between the parties, or a performance by the one and a breach of the other, cannot be ascertained. What in these particulars was uncertain and indefinite in the complaint was not aided, but bewildered, by the evidence. *Ellis v. Newbrough et al.,* 6 N. M. 181, 27 Pac. 491.